Opinion filed April 23, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 23,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00293-CR 

                                                    __________

 

                                      CURTIS ACEVEDO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 367th District Court

 

         Denton
County, Texas

 

                                            Trial
Court Cause No. F-2006-2373-E

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Curtis Acevedo of two counts of indecency with a child and, upon
appellant=s plea of
true to the enhancement allegation, assessed punishment on each count at
confinement for ten years.  The trial court ordered that the sentences run
consecutively.  We affirm. 

                                                                       I. 
Issues

Appellant
presents four points of error on appeal.  In the first and second points, he
challenges the legal and factual sufficiency of the evidence.  In the third and
fourth points, he contends that the stacking of his sentences was improper.  








                                                      II. 
Sufficiency of the Evidence

We
will apply the following well-recognized standards of review to appellant=s sufficiency challenges. 
To determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  

Appellant
was charged with and convicted of two counts of indecency with a child by
intentionally and knowingly engaging in sexual contact with A.J. by touching
her genitals on two separate occasions.  The record shows that A.J.=s mother and appellant got
married in February 2006  and separated in April 2006 but that the two got
along well after the separation.  Toward the end of May 2006, appellant began
taking A.J. to church and often babysat A.J. on Sunday afternoons while A.J.=s mother went to work. 
A.J. even spent Saturday night with appellant on one or two occasions.  A.J.
did not return to appellant=s
after July 23, 2006, because she acted Akind
of skittish@ about
going back over there and told her mother that she did not want to go back to
appellant=s.

A.J.
was seven years old at the time of trial and six at the time of the incidents. 
A.J. testified that appellant touched one of her Aprivate
parts@ on five
separate occasions while they were at his apartment on the couch.  The record
shows that A.J. pointed to where appellant touched her and, using her knee,
demonstrated for the jury how he Arubbed
it.@  A.J. related
what she was wearing during each of the incidents and testified that appellant
touched her outside of her panties and shorts or panties and capris.  A.J.
testified that appellant was not putting medicine on her rash when he touched
her private part.  A.J. also testified that, while touching A.J., appellant
pulled his shorts down and exposed his private part, which A.J. described as Asomething round with little
round things on the bottom.@








The
outcry witness, Rebecca Nickels, also babysat A.J. and was like a grandmother
to her.  Nickels testified that in August 2006, as she was applying medicine to
a vaginal rash on A.J., A.J. informed her about appellant touching her there. 
A.J. told Nickels that her Atutu@ hurt.  According to
Nickels, Atutu@ is the word A.J. used for
her vagina.  At trial, A.J. testified that her Atutu@ hurt from the rash and
from appellant rubbing it.  Nickels told A.J.=s
mother about the outcry and, after talking to A.J. about what appellant had
done to her, A.J.=s
mother went to the police station to file a report.

An
investigator with Children=s
Protective Services conducted a forensic interview of A.J.  During the
investigation, Detective Henry Lucio attempted to contact appellant numerous
times, but appellant avoided the detective and failed to return his calls. 
When the detective finally got through to appellant, he informed appellant that
he had an arrest warrant and told appellant what the charge was.  After the
phone conversation, appellant failed to make arrangements to turn himself in as
he had agreed to do.

The
jury, as the trier of fact, was the sole judge of the credibility of the
witnesses and of the weight to be given to their testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).  As such, the jury was free to
believe or disbelieve all or any part of any witness=s testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  After reviewing all of the evidence
using the applicable standards of review, we hold that the evidence is both
legally and factually sufficient to support the jury=s verdict on each count.  Appellant=s first and second points
of error are overruled.  

                                                                  III. 
Sentencing

In
his third point of error, appellant contends that the trial court erred by
signing a judgment ordering consecutive sentences.  In his fourth point,
appellant asserts that the trial court=s
oral pronouncement of the sentences was inadequate.

The
trial court had the authority and the discretion to stack appellant=s sentences.  See Tex. Penal Code Ann. ' 3.03(b)(2) (Vernon Supp.
2008); Tex. Code Crim. Proc. Ann.
art. 42.08 (Vernon 2006).  Article 42.08(a) provides in relevant part:








When
the same defendant has been convicted in two or more cases, judgment and
sentence shall be pronounced in each case in the same manner as if there had
been but one conviction. . . . [T]he judgment in the second and subsequent
convictions may either be that the sentence imposed or suspended shall begin
when the judgment and the sentence imposed or suspended in the preceding
conviction has ceased to operate, or that the sentence imposed or suspended
shall run concurrently with the other case or cases, and sentence and execution
shall be accordingly. 

 

The
reporter=s record
reflects that the trial court granted the State=s
motion to stack the sentences and then pronounced in open court:  AI hereby assess your
punishment and sentence you to ten years=
confinement in the Texas Department of Criminal Justice.  On each count those
counts [sic] B
sentences on those counts will run consecutively.@ 
With all due respect to the court reporter, we are of the opinion that a A.@ was misplaced in transcribing the record and
that the trial court=s
pronouncement was actually the following:  AI
hereby assess your punishment and sentence you to ten years= confinement in the Texas
Department of Criminal Justice on each count.  Those counts B sentences on those counts
will run consecutively.@ 
The written judgment in this case reflects that appellant was convicted of two
counts of indecency with a child, that punishment was assessed at confinement
for ten years in Count I and in Count II, that the sentences were to run
consecutively, and specifically that A[t]he
sentence imposed under Count II of the indictment shall commence upon
completion of the sentence given in Count I wherein the defendant was sentenced
to TEN (10) years Institutional Division of the Texas Department Corrections
[sic].@

The
trial court=s oral
pronouncement was clear and unambiguous.  Upon the granting of the motion to
stack the sentences and the oral pronouncement of the sentences, appellant was
given notice of the punishment to which he had been sentenced, including the
cumulative sentences imposed in this case.  See Williams v. State, 675
S.W.2d 754, 761-64 (Tex. Crim. App. 1984); see also Ex parte Madding, 70
S.W.3d 131 (Tex. Crim. App. 2002).  Contrary to appellant=s assertion, the cumulation
order in the judgment clearly and unequivocally indicates that the ten-year
sentence imposed for the conviction in Count II of this case will commence upon
appellant=s completion
of the ten-year sentence imposed for the conviction in Count I of this case,
not some other unknown conviction and sentence.  Furthermore, the written
cumulation order did not impose a sentence different or more harsh than that
pronounced in open court.  See Madding, 70 S.W.3d at 135-37.  We hold that
the oral pronouncement ordering the sentences in this case to run consecutively
and the written cumulation order in the judgment are sufficiently specific and
are valid.  See Williams, 675 S.W.2d at 761-64.  Appellant=s third and fourth points
of error are overruled.  








The
judgment of the trial court is affirmed.  

 

 

RICK STRANGE

JUSTICE

 

April 23, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.